IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. MURPHY, : | | |
|     Petitioner : | | |
| : | No. 1:22-cv-0630 | |
| v. : | | |
| : | (Judge Rambo) | |
| WARDEN J. SAGE, : | | |
|     Respondent : | | |

**MEMORANDUM**

Petitioner James E. Murphy filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the Federal Bureau of Prisons (BOP) has miscalculated his aggregate sentence, resulting in an error of constitutional proportions. Because Murphy has identified a material sentencing calculation error, the Court is constrained to grant his Section 2241 petition.

**I.      BACKGROUND**

On June 22, 2010, Murphy was sentenced to two terms of 360 months' imprisonment[1]—to run concurrently—for conspiracy to distribute and distribution of heroin and cocaine base (hereinafter "drug-offense sentence"). *See United States v. Murphy*, No. 1:08-CR-433, Doc. No. 120 (M.D. Pa. June 23, 2010) (Caldwell, J.). The same day, Murphy was sentenced for violating his supervised release and given an additional 24-month term of imprisonment to run consecutively to his 360-month

---

[1] These 360-month sentences for each count reflected the mandatory minimums at the time of sentencing. *See United States v. Murphy*, 998 F.3d 549, 552 (3d Cir. 2021).

sentence in case number 1:08-CR-433 (hereinafter "supervised-release sentence"). *See United States v. Murphy*, No. 1:10-CR-207, Doc. No. 3 (M.D. Pa. July 13, 2010) (Caldwell, J.).

On February 19, 2020, Murphy's 360-month drug-offense sentence was reduced to 210 months under Section 404 of the First Step Act. *See United States v. Murphy*, No. 1:08-CR-433, Doc. No. 261 (M.D. Pa. Feb. 19, 2020) (Jones, J.). Murphy appealed and, following a partially successful appeal, *see Murphy*, 998 F.3d at 560, was resentenced on July 26, 2021, in case number 1:08-CR-433, to a term of "time served" and five years' supervised release, *United States v. Murphy*, No. 1:08-CR-433, Doc. No. 298 (M.D. Pa. July 26, 2021) (Jones, J.).

Murphy filed the instant Section 2241 petition in this Court in April 2022. (*See generally* Doc. No. 1.) He contends that, following the reduction in his drug-offense sentence to time served, the BOP has miscalculated his aggregate sentence and projected release date. (Doc. No. 4 at 10-11.) He seeks immediate release with a reduced term of supervised release. (*See id.*) His petition is fully briefed and ripe for disposition.

## II.    DISCUSSION

The dispute in this matter boils down to the calculation of Murphy's time-served sentence for his drug offenses. Murphy contends that the length of that time-served sentence is 151 months and 2 days, and that when the 24-month consecutive

supervised-release sentence is tacked on—as required by 18 U.S.C. § 3584(c)[2] and BOP Program Statement 5880.28 (Page 1-33)—the resulting aggregate sentence is 175 months and 2 days.  (*See* Doc. No. 4 at 10.)  Respondent maintains that the time-served sentence is 172 months and 22 days, and thus the aggregate sentence is 196 months and 22 days.  (*See* Doc. No. 26 at 4-5.)  Because Respondent has not supported its calculation with a comprehensible explanation or any relevant legal authority, the Court is constrained to agree with Murphy's computation.

Murphy's argument is straightforward.  He was given jail credit starting December 24, 2008, and remained incarcerated on the drug-offense sentence until the day that sentence was reduced to time served: July 26, 2021.  Simple math demonstrates that Murphy physically served 151 months and 2 days on this sentence.  Adding the 24-month consecutive supervised release sentence to that time-served sentence results in an aggregate sentence of 175 months and 2 days.

Respondent's calculations are more enigmatic.  According to an affidavit by Stacy Fanello, Management Analyst at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas, the time-served sentence was determined to be "172 months and 22 days."  (*See* Doc. No. 26-1 at 3 ¶ 13.)  Fanello's explanation is repeated here in its entirety:

---

[2] Section 3584(c) of Title 18 of the United States Code states, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

3

> On July 26, 2021, Murphy's [drug-offense] sentence in Case Number 1:08-CR-433-01 was amended to Time Served. Due to Murphy serving another consecutive sentence in Case Number 1:10-CR-207-01, the BOP must determine the length of the "Time Served" term in order to aggregate both terms. *The Time Served portion was calculated and converted to 172 months and 22 days, after the application of jail credit from December 24, 2008, through June 21, 2010, and the disallowance of 117 days.* This resulted in a projected Statutory Release date ("SRD") of July 26, 2021, which is the date Case Number 1:08-CR-433-01 was amended to Time Served. However, since Murphy received a 24-month consecutive term of imprisonment in Case Number 1:10-CR-207-01, the total aggregated term became 196[] months and 22[]days.

(*Id.* (emphasis supplied).)

This explanation leaves much to be desired. According to Fanello, the time-served sentence was "calculated and converted to 172 months and 22 days" after taking into account jail credit from December 24, 2008, through June 21, 2010, and "disallowance of 117 days." (*Id.*) What this statement, and in particular "calculated and converted," means, however, is unclear. "Disallowance of 117 days" appears to be disallowance of 117 days' good-conduct time for disciplinary sanctions, as noted later in Fanello's affidavit. (*See id.* at 4 ¶ 18; *see also* Doc. No. 26 at 5.) But Fanello does not explicitly state this, nor does she explain why disallowance of good-conduct time would be employed in determining the length of Murphy's time-served sentence (as opposed to determining Murphy's ultimate projected release date based on his aggregate sentence).

More problematic is that the BOP's calculation of 172 months and 22 days for the time-served sentence exceeds the physical amount of time served—*i.e.*, 151

4

months and 2 days—and Respondent has not explained how this computation is logical or accurate. December 24, 2008, to July 26, 2021, is 151 months and 2 days, and that is the length of time Murphy served on the drug-offense sentence. Paragraph 13 of Fanello's affidavit does not elucidate (or provide legal support for) how Murphy's time-served sentence could be calculated to reflect a sentence that is approximately 21 months longer than the time he actually served on the sentence.

It is possible that the "172 months and 22 days" time-served calculation somehow incorporates good-conduct time. If so, two glaring problems remain. First, Fanello has not set out the application or incorporation of good-conduct time beyond stating that she took into consideration "disallowance of 117 days," which is wholly insufficient for justifying such a critical sentencing computation. Respondent does not provide any clarification, but instead merely repeats Fanello's affidavit nearly verbatim. (*See generally* Doc. No. 26 at 6-9.)

Second, neither Fanello nor Respondent has proffered reasoning or legal support (like a statute, regulation, policy, or BOP guidance) for why good-conduct time would be applied to calculate the time-served sentence rather than to calculate Murphy's projected release date based on his *aggregate* sentence, which aggregation is required by both 18 U.S.C. § 3584(c) and BOP Program Statement 5880.28. The Court further observes that application of accrued good-conduct time to determine Murphy's "time-served" sentence in these circumstances would have the perverse

5

effect of *increasing* his aggregate term of imprisonment rather than decreasing it. Respondent has not explained how such a computation method would be logical or legally permissible.

In sum, the Court is constrained to accept Murphy's calculations, primarily because Respondent has failed to establish why the BOP's calculations are accurate or authorized by statute, regulation, or policy. With a time-served sentence of 151 months and 2 days for the drug offense, Murphy's aggregate sentence becomes 175 months and 2 days when his 24-month consecutive supervised-release sentence is added. The BOP must apply its good-conduct time calculations (*see* Doc. No. 26-1 at 4 ¶¶ 15-18) to that aggregate sentence to determine Murphy's new projected release date. If that release date has already passed, Murphy must be immediately released from custody to start his term of supervised release.[3]

## III. CONCLUSION

Based on the foregoing, the Court will grant Murphy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: February 1, 2023

---

[3] Although Murphy requests that his term of supervised release be reduced for any time he overserved on his sentence, that request cannot be granted. The supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. *See DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced by reason of excess time served in prison." (internal quotation marks omitted)); *see also United States v. Johnson*, 529 U.S. 53, 58-60 (2000).